IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMANDA BERRINGER,  )
 )
    Plaintiff, )
 )
  -vs- ) Civil Action No. 15-1055
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge

## OPINION
### and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 6 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 7 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 6) and granting Defendant's Motion for Summary Judgment. (ECF No. 10).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") benefits pursuant to the Social Security Act ("Act"). Plaintiff filed her application for benefits alleging she had been disabled since January 1, 2005. (ECF No. 4-7, p. 2). Administrative Law Judge Joanna Papazekos held a hearing on December 4, 2013. (ECF No. 4-3, pp. 2-64). On January 23, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 4-2, pp. 19-31). After exhausting all administrative remedies, Plaintiff filed this action.

1

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 6 and 10). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Severe Impairment</u>

Plaintiff argues that the ALJ erred in failing to find her "Hepatitis A and C, urinary incontinence, right tennis elbow, fibromyalgia, sleep apnea, and heart problems" to be severe. (ECF No. 7, pp. 7-8). At Step 2 of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §404.1520(a). An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c), §404.1521(a). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §404.1520(a).

In this case, the ALJ found that Plaintiff had severe impairments. (ECF No. 4-2, p. 21). She also found Plaintiff had impairments that were not severe. (ECF No. 4-2, pp. 21-23). The

ALJ discussed at length her determination regarding Plaintiff's hepatitis A and C, urinary incontinence, right tennis elbow, fibromyalgia and sleep apnea. *Id.* Based on my review of the record, there is substantial evidence of record to support these findings.[1]  *Id.*

With regard to Plaintiff's heart problems, other than stating that the ALJ failed to find that her heart problem was severe, Plaintiff does not raise any specific issue that the ALJ failed to consider and does not point to any document that the ALJ failed to take into account. (ECF No. 7, pp. 7-8). Thus, I find Plaintiff failed to demonstrate or point to any functional limitation resulting from a heart problem.

Furthermore, after a review of the record, I note that while Plaintiff identified endocarditis as a physical condition (ECF No. 4-8, p. 3), Plaintiff did not testify as to any physical limitation resulting therefrom. (ECF No. 4-3, pp. 17-18). Rather, Plaintiff testified that it is an inner heart disease. *Id.* at 18. "[I]f I cut myself or my teeth – clean my teeth, I have to be on antibiotics, you know, or if I cut myself, I don't have long to get to the hospital because the infection, if bacteria hits my blood, it could kill me instantly." *Id.* The ALJ then asked:

> Q. In terms of your heart problem now, sitting here in the chair, you don't have symptoms? You just have to be careful –
> A. Yes, ma'am.
> Q. -- in the event that you're exposed to bacteria?
> A. Correct, correct.

*Id.* Thus, Plaintiff did not identify a physical limitation resulting from her endocarditis, let alone a severe condition. Therefore, I find no error on the part of the ALJ for not discussing the effect of Plaintiff's heart condition at Step 2.

---

[1] In support of her argument, Plaintiff cites to evidence that was not before the ALJ but, rather, was submitted to the Appeals Council for the first time. (ECF No. 7, p. 7). If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS*, 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied to justify remand. Id., *citing Szubak*, 745 F.2d at 833. In this case, Plaintiff makes no attempt to identify such evidence as post decision evidence or to offer any argument regarding whether the evidence is new, material or if there is good cause. *See,* ECF No. 7. Thus, I will not consider such evidence nor remand on this basis.

Moreover, even assuming there was an error, I find it to be harmless. *See, Ward v. Comm'r of Social Security,* 211 F.3d 652, 656 (1st Cir. 2000) (holding that remand to correct an error is not necessary if "it will amount to no more than an empty exercise"); *Fisher v. Bowen,* 869 F.2d 1055, 1056 (7th Cir. 1989)("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). I find that it would be an exercise in futility to remand this case simply for the ALJ to state that Plaintiff testified to no limitation resulting from her heart problem of endocarditis. There would be no point to such a discussion, especially as I am able to make a meaningful judicial review without the same. Consequently, I find remand is not warranted on this basis.

After the Step 2 analysis, the ALJ proceeded to the next steps. *Id.,* at pp. 21-31. Hence, Plaintiff was not denied benefits at Step 2. The ALJ proceeded beyond Step 2. *Id.* In so doing, the ALJ acknowledged that in making the RFC determination she was to consider all impairments, including impairments that are not severe. (ECF No. 4-2, p. 20). Consequently, the ALJ proceeded to consider the Plaintiff's severe and non-severe impairments in the evaluation process and determining Plaintiff's RCF. (ECF No. 4-2, pp. 24-31). Therefore, I find any purported errors[2] were harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

---

[2] Plaintiff fleetingly concludes that the ALJ failed to take into consideration that she has Medicaid and that she moved to Pittsburgh in 2012 and had to find new doctors while she was in her mid-forties. (ECF No. 7, p. 8). I find no merit to these conclusory assertions.

### C. Residual Functional Capacity ("RFC") [3]

Plaintiff also argues that the ALJ improperly determined her RFC. (ECF No. 7 pp. 8-11). The entirety of Plaintiff's argument in support thereof is that there is substantial evidence to support that she is not able to do the work set forth in the ALJ's RFC finding.[4] *Id.* The standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument is completely misplaced. Therefore, I find the argument is not sufficiently developed to place the issue clearly before me.

Nonetheless, I have reviewed the evidence of record and, based on the same, I find there is substantial evidence to support the RFC determination. *See,* ECF No. 4-2, pp. 24-29. Consequently, remand is not warranted on this basis.

### D. Vocational Expert

Finally, Plaintiff submits that the ALJ erred by improperly disregarding vocational expert testimony and finding there are jobs that exist in significant numbers in the national economy that she can perform. (ECF No. 7, pp. 11-12). I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 4-2, pp. 19-31). Consequently, I find no error in this regard.

An appropriate order shall follow.

---

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

4 The ALJ found Plaintiff has the RFC to perform light work with exceptions. (ECF No. 4-2, pp. 24-29).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA BERRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 15-1055 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 22nd day of August, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 6) denied and Defendant's Motion for Summary Judgment (ECF No. 10) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge